ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of -- | ) | |
| | ) | |
| Archer Western Aviation Partners | ) | ASBCA Nos. 62035, 62047 |
| | ) | 62387, 62388 |
| Under Contract No. W912DQ-14-C-4006 | ) | |

APPEARANCE FOR THE APPELLANT: Steven D. Meacham, Esq.
 Peel Brimley LLP
 Henderson, NV

APPEARANCES FOR THE GOVERNMENT: Michael P. Goodman, Esq.
 Engineer Chief Trial Attorney
 Virginia S. Murray, Esq.
 Engineer Trial Attorney
 U.S. Army Engineer District, Kansas City

OPINION BY ADMINISTRATIVE JUDGE SWEET

On March 5, 2020, we *sua sponte* raised the issue of whether we possess jurisdiction over ASBCA Nos. 62035 and 62387 (collectively, 4/5 Line Appeals), and directed the parties to brief the issue. After reviewing the parties' briefs, we conclude that we possess jurisdiction over the 4/5 Line Appeals because appellant Archer Wester Aviation Partners (AWAP) filed an effective, timely notice of appeal of a Contracting Officer's Final Decision (COFD) regarding those appeals.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On May 22, 2014, the Army Corps of Engineers (Corps) and AWAP entered into Contract No. W912DQ-14-C-4006 (4006 Contract) for the construction of airplane hangars and an aircraft parking apron at McConnell Air Force Base in Kansas (R4, tab 1).[1]

2. On December 4, 2017, AWAP submitted a request for equitable adjustment (REA) for $236,083, asserting that the Corps changed the 4006 Contract when it required AWAP to install an insulated metal wall panel on the Y column line between

---

[1] Neither party provided citations to the R4 file in its brief. The parties are reminded that, in the future, it is imperative to include citations to the R4 file.

column lines 4 and 5 (4/5 Line REA).  The 4/5 Line REA did not include a certification.[2]  (R4, tab 37 at 2, 4)

3.  On January 8, 2018, the government responded to the 4/5 Line REA, indicating that it found the REA meritless (R4, tab 39).

4.  On April 5, 2018, AWAP submitted a supplemental 4/5 Line REA (Supplemental 4/5 Line REA; collectively with 4/5 Line REA, 4/5 Line REAs) for $175,828, which did not contain a certification (R4, tab 41).

5.  On January 10, 2019, the contracting officer (CO) issued a COFD, denying the Supplemental 4/5 Line REA (R4, tab 42).

6.  On April 9, 2019, AWAP filed a notice of appeal with the Board, which we docketed as ASBCA No. 62035 (R4, tab 44).

7.  On May 2, 2019, AWAP filed an unopposed motion to stay ASBCA No. 62035, so AWAP could submit a certified claim.  We granted the motion, and required periodic joint status reports.

8.  On July 2, 2019, AWAS submitted a certified 4/5 Line Claim to the CO for $103,644 (Certified 4/5 Line Claim) (R4, tab 46 at 2).

9.  On August 29, 2019, the CO issued a COFD denying the Certified 4/5 Line Claim (Certified 4/5 Line Claim COFD) (R4, tab 47).

10.  Less than 90 days after AWAP received the Certified 4/5 Line Claim COFD, it filed a joint status report on September 9, 2019 (Joint Status Report).  In the Joint Status Report, AWAP expressed dissatisfaction with the Certified 4/5 Line Claim COFD and indicated an intention to appeal that COFD to the Board by stating that AWAP "intends to appeal the Contracting Officer's Final Decision related to ASBCA No. 62035."  However, AWAP moved to continue the stay because it still was attempting to cure the certification defect regarding the claim underlying ASBCA No. 62047 (Roof Claim)[3]—with which the 4/5 Line Appeals are consolidated—by

---

[2] The "certification" to which we refer is a statement, executed by a person authorized to bind the contractor stating that the claim is made in good faith; that the supporting data is accurate; that the amount being requested is what the contractor believes the government owes it; and that the person executing the certification is authorized to do so.  It is required by the Contract Disputes Act (CDA) for claims over $100,000.  *See* 41 U.S.C. § 7103(b).

[3] This decision only addresses ASBCA Nos. 62035 and 62387.  It does not address ASBCA Nos. 62047 and 62387 (Roof Claim Appeals), which involve a

2

obtaining a COFD on a certified Roof Claim (Certified Roof Claim). We granted that motion.

11. After the CO issued a COFD on the Certified Roof Claim—and more than 90 days after the Certified 4/5 Line Claim COFD—AWAP filed formal notices of appeal regarding the Certified 4/5 Line Claim and the Roof Claim on February 5, 2020, which we docketed as ASBCA Nos. 62387 and 62388 respectively.

DECISION

We possess jurisdiction over the 4/5 Line Appeals because AWAP filed an effective, timely notice of appeal of the Certified 4/5 Line Claim COFD. "The Board has historically liberally read contractors' communications in finding effective appeal notices and has repeatedly held a notice of appeal requires only a writing filed within the requisite time period that expresses dissatisfaction with the contracting officer's decision and indicates an intention to appeal the decision to a higher authority." *Ft. McCoy Shipping & Servs.*, ASBCA No. 58673, 13 BCA ¶ 35,429 at 173,794; *see also* Board Rule 1(b) (only requiring that a notice of appeal indicate that an appeal is being taken). Moreover, a contractor must file a notice of appeal with the Board within 90 days of the contractor's receipt of the COFD in order for us to possess jurisdiction over that appeal. *Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1390-01 (1982); *Anaconda Constr. Co.*, ASBCA No. 60905, 17-1 BCA ¶ 36,789 at 179,315.

Here, AWAP filed an effective, timely notice of appeal when it filed the Joint Status Report.[4] First, under our liberal construction, the Joint Status Report constituted an effective notice of appeal because it expressed dissatisfaction with the Certified 4/5 Line Claim COFD and indicated an intention to appeal that COFD to the

_____

separate claim regarding costs associated with additional roof penetrations located at the Bay Hanger (Roof Claim). Thus, we only refer to the Roof Claim Appeals to the extent necessary to understand our jurisdiction over the 4/5 Line Appeals.

[4] The 4/5 Line REAs do not establish our jurisdiction. A document labelled as an REA may constitute a claim if it otherwise meets the CDA's requirements for a claim. *Hejran Hejrat Co., LTD v. United States Army Corps of Engineers*, 930 F.3d 1354, 1357 (Fed. Cir. 2019). Moreover, a defective certification is curable and does not deprive us of jurisdiction. *Id*. at 1359. However, the complete absence of a certification on a claim for more than $100,000 is a jurisdictional defect that cannot be cured during an appeal. *Tefirom Insaat Enerji Sanayi ve Ticaret A.S.*, ASBCA No. 56667, 11-1 BCA ¶ 34,628 at 170,630. Here, the 4/5 Line REAs were for more than $100,000, but completely lacked certifications. (SOF ¶¶ 2, 4). Therefore, the 4/5 Line REAs do not establish our jurisdiction.

Board.  (SOF ¶ 10)  Indeed, we have held that language that is virtually identical to the Joint Status Report's statement that AWAP "intends to appeal the Contracting Officer's Final Decision related to ASBCA No. 62035" constitutes an effective notice of appeal.  (SOF ¶ 10); *H & S Corp.*, ASBCA No. 26712, 82-2 BCA ¶ 15,910 (holding that a letter stating that "[w]e intend to appeal the Contracting Officer's Final Decision" constituted an effective notice of appeal).  Moreover, the Joint Status Report was timely because AWAP filed it on September 9, 2019—less than 90 days after receiving the Certified 4/5 Line Claim COFD.  (SOF ¶ 10).  Because the Joint Status Report constituted an effective, timely notice of appeal of the Certified 4/5 Line Claim COFD, we possess jurisdiction over the appeal of the 4/5 Line claim.

## CONCLUSION

For the foregoing reasons, we possess jurisdiction over ASBCA Nos. 62035 and 62387.

Dated: August 26, 2020

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 62035, 62047, 62387, 62388, Appeals of Archer Western Aviation Partners, rendered in conformance with the Board's Charter.

Dated:  August 27, 2020

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals